## William B. May vs. John Foote & another.

If a creditor who has arrested his debtor on execution does not live in the county in which the arrest was made, and his attorney, though having his usual place of business therein, cannot be found, by the use of due diligence, the debtor may give notice of his desire to take the oath for the relief of poor debtors by causing the same to be served on the officer who made the arrest.

Seven o'clock in the evening, in January, is not an unreasonable hour to fix for the examination of a debtor who has been arrested in Boston upon an execution, upon his application to take the oath for the relief of poor debtors.

If the creditor does not appear at the time and place fixed for the examination of a poor debtor, the magistrate may adjourn the case before the expiration of an hour from the time appointed.

Contract upon a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that the defendant Foote, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Ames*, J., without a jury, it appeared that the arrest was made in Suffolk county, and the recognizance taken on the 16th of December 1861; that the debtor on the 15th of January 1862 applied to a commissioner of insolvency to fix a time and place for his examination, in order to take the oath for the relief of poor debtors, and the commissioner appointed his office in Boston, and seven o'clock in the evening of that day, for that purpose, and issued his notice accordingly; that the creditor and his attorney both lived out of Suffolk county, but had their usual places of business in that county; that the officer to whom the notice was committed for service made return thereon that on said 15th of January, at four o'clock P. M., he went to the office of the creditor for the purpose of serving the notice upon him, but found it locked; that at five minutes past four he went to the office of the creditor's attorney for the like purpose, but did not find him in, and was informed that he would not return that afternoon and had gone home; that he thereupon made diligent search for the

creditor and his attorney, but could find neither, and at fifty-three minutes past four served the notice upon the officer who made the arrest; and that the debtor and the officer appeared at the time and place appointed for the examination, and, before the expiration of the hour, upon the suggestion of the officer that the creditor had no actual notice, the commissioner adjourned the case until January 18th, when, there being no appearance on behalf of the creditor, and no payment of or security for the fees, he discharged the debtor without an examination.

Upon these facts, the judge ruled that the plaintiff was entitled to recover, and rendered judgment accordingly; and the defendants alleged exceptions.

*J. Nickerson*, for the defendants.

*E. M. Bigelow*, for the plaintiff, cited Gen. Sts. *c.* 124, § 13; *Putnam* v. *Williams*, 2 Allen, 73; *Thacher* v. *Williams*, 14 Gray, 329; *Hobbs* v. *Fogg*, 6 Gray, 251.

MERRICK, J. The service was sufficient. The plaintiff was not a resident in the county of Suffolk, and his attorney, who had his usual place of business there, was not found by the officer, who appears to have made diligent and proper search to find him. A debtor is not limited by the terms of the statute to any particular part of the day during which the time for taking the oath by him is to be fixed. In this instance, the hour fixed for that purpose was not unreasonable, and therefore there is no objection to it. The proceedings of the magistrate in the adjournment of the case, and in the discharge of the debtor in consequence of the creditor's not appearing, were correct. Gen. Sts. *c.* 124, §§ 13, 16, 48. *Thacher* v. *Williams*, 14 Gray, 324. *Exceptions sustained.*